**LAW OFFICES OF MATTHEW J. MATERN**
Matthew J. Matern (SBN 159798)
matthewjmatern@gmail.com
Tagore Subramaniam (SBN 280126)
tagore.subramaniam@gmail.com
3655 Torrance Boulevard, Suite 315
Torrance, California 90503
Telephone:  (424) 247-1172
Facsimile:  (424) 247-1173
Attorneys for Plaintiff
JESUS MOLINA, individually and on
behalf of all others similarly situated.

**TRESSLER LLP**
Evan B. Sorensen (SBN 187377)
esorensen@tresslerllp.com
Kenneth Zielinski (SBN  258555 )
kzielinski@tresslerllp.com
18100 Von Karman Avenue
Suite 800
Irvine, California 92612
Telephone: (949) 336-1200
Facsimile: (949) 752-0645
Attorneys for Defendants CAFÉ RIO,
INC. and CLAUDIO SALOMONE,
erroneously sued as CLAUDIO
SALAMONE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS I. MOLINA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>CAFÉ RIO, INC., a UTAH corporation; CLAUDIO SALAMONE, an individual; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 5:12-CV-01858-JFW-SP<br><br>[Assigned to the Honorable John F. Walter, Courtroom 16]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:            December 3, 2012<br>Time:            8:30 a.m.<br>Courtroom:    16<br><br>26(f) Conference: November 15, 2012<br>Time:            4:00 p.m.<br><br>Complaint Filed:  June 20, 2012<br>Date of Removal: October 25, 2012 |

Pursuant to Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and the Court's November 1, 2012 Order Setting Scheduling Conference, Plaintiff JESUS I. MOLINA ("Plaintiff") and Defendants CAFÉ RIO, INC. ("Café Rio") and CLAUDIO SALOMONE ("Defendant Salomone") (collectively, "Defendants"), by and through their respective counsel of record, hereby submit the following Joint Rule 26(f) Report.

Plaintiff filed this action on June 20, 2012 in the Superior Court for the County of San Bernadino, Case No. CIVDS1206445.  On September 27, 2012, Defendant Café Rio filed its Answer to Plaintiff's Complaint.  On October 24, 2012 Defendant Salomone filed his Answer to Plaintiff's Complaint.  On October 25, 2012 Defendants removed this action to United States District Court for the Central District of California.  Counsel for Plaintiff and Defendants have participated in a conference of parties pursuant to Rule 26(f) and Local Rule 26-1.

## I.

## REQUIREMENTS OF COURT'S NOVEMBER 1, 2012 ORDER SETTING SCHEDULING CONFERENCE

### 1. Basis for Subject Matter Jurisdiction

This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) as (1) the amount in controversy exceeds $75,000 and (2) the Plaintiff, on one hand, and Defendant Salomone and Defendant Cafe Rio, on the other hand, are citizens of different states, specifically the State of Utah.  No issues exist regarding personal jurisdiction or venue and all parties have been served.

### 2. Statement of Facts

Plaintiff maintains that Plaintiff Jesus Molina was hired as an hourly employee by Café Rio on or about January 15, 2011.  Café Rio is a national chain of Mexican Restaurants with numerous locations in Southern California.  While employed, Plaintiff was routinely denied rest breaks, meal breaks, overtime compensation,

minimum wage, reimbursement for necessary expenditures incurred in the discharge of his duties, as well as accurate itemized statements. Additionally, Plaintiff was often forced to work off the clock without compensation, and his time records were sometimes edited by management to misrepresent the total number of hours worked.  On or about July 10, 2011 Plaintiff was constructively terminated after complaining about a restaurant manager leaving out open containers of food. Upon termination, Defendant failed to pay all wages due to Plaintiff.  On June 20, 2012 Plaintiff filed the Complaint giving rise to the current litigation alleging violations of the California Labor Code, Industrial Welfare Commission Wage Orders, and as well as other statutory violations.  A complete list of the alleged violations can be found in Plaintiff's Complaint.  Defendants deny and dispute all claims.

### 3. <u>Statement of Disputed Legal Points</u>

The legal arguments which support Plaintiff's position are laid out in Plaintiff's Complaint, which includes claims for failure to provide required meal periods; failure to provide required rest periods; failure to pay overtime compensation; failure to pay minimum wage; failure to pay all wages due to discharged of quitting employees, failure to maintain required records; failure to provide itemized statements to employees, failure to indemnify employers for necessary expenditures incurred in the discharge of duties; unlawful business practices; and a representative action for civil penalties.  Defendants deny and dispute all claims.

Defendants maintain that, as alleged in his complaint, plaintiff Molina purports to represent "current and former non-exempt employees of [Cafe Rio], for a period of time within four (4) years preceding the filing of this action."  Defendants contend that Plaintiff has a primia facie fatal conflict of interest with the class he purports to represent because Plaintiff was a manager with supervisory and managerial control over the employees and was responsible for enforcing California compliant company policies.  Defendants' position is that Plaintiff cannot meet the

typicality and adequacy requirements necessary to maintain a class action, *inter alia*. *See e.g.*, *First Am. Title Ins. Co. v. Superior Court*, 146 Cal. App. 4th 1564, 1577 (2007) ("California law is clear that a representative plaintiff must be a member of the class he seeks to represent"); *Wal-Mart Stores, Inc. v. Dukes, et al.*, 131 S. Ct. 2541, 2550 (2011) (citations and internal quotes omitted) ("a class representative must be part of the class and possess the same interest and suffer the same injury as the class members"); *see also Harris v. Wal-mart Stores, Inc.*, 613 S.E.2d 322, 330 (N.C. Ct. App. 2005) ("class members who acted as supervisors" are "in direct conflict with the class members they supervised").    Defendants further contend that Plaintiff cannot maintain claims purportedly on behalf of others when he himself has suffered no injury with respect to the claims.

### 4.  All Prior and Pending Motions

Defendants filed a Notice of Removal on October 25, 2012.  Plaintiff contends he has until Monday, November 26, 2012 to file a Motion to Remand pursuant to 28 U.S.C. § 1447(c).  Furthermore, Defendants anticipate filing a motion to strike class allegations disqualifying Molina as class representative and motion(s) for summary judgment/adjudication.

### 5.  Amended Pleadings

Plaintiff may amend his pleadings to add claims and additional representative depending on what new information is obtained during discovery and in response to the contentions of the Defendants as to the suitability of Mr. Molina to act as a class representative.   Defendants do not currently intend to amend their responsive pleadings, but reserve the right to do so if necessary.

### 6.  Initial Disclosures

The Parties will exchange Initial Disclosures on December 14, 2012.

### 7.  Discovery

Plaintiff previously served Defendants with discovery prior to receiving Defendants' Notice of Removal.  Discovery has not yet occurred in this litigation.

Defendants have proposed bifurcating discovery with class discovery proceeding before merits discovery.  Plaintiff is not opposed to bifurcating discovery, but disagrees as to the scope of permissible class discovery.  At a minimum, Plaintiff maintains that in order to prepare for class certification Plaintiff will need (1) the punch data and payroll information for putative class members for the class period in its native format; (2) the class list and accompanying contact information for putative class members; (3) the depositions of Café Rio's PMK(s) and Claudio Salamone; and (4) all documents relating to Café Rio's time keeping/payroll policies and procedures.  Defendants disagree with the scope of Plaintiff's proposed class discovery.

Defendants believe that bifurcation of discovery is appropriate and necessary. Defendants' position is that courts routinely bifurcate discovery in class actions as part of their power to govern the conduct of discovery proceedings. In such cases, at the precertification stage the "plaintiff must . . . establish the relevance" of any discovery "sought to class certification." *In re Apple and AT&TM Antitrust Litigation*, No. C-07-05152, 2010 U.S. Dist. LEXIS 39637, at *7 (N.D. Cal. March 26, 2010). "Merits discovery," in turn, will "begin[] if and once the Court certifie[s] the class." *See Juarez v. Jani-King of Cal, Inc.*, 273 F.R.D. 571, 576 (N.D. Cal. 2011).

The general reasons for bifurcation include the fact that class and merits discovery address markedly different topics. Whereas "discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof," "discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed[.]" *See* Federal Judicial Center, Manual for Complex Litigation, § 21.14 (4th ed. 2008) ("Manual") § 21.14 at 256. Thus, "[d]iscovery relevant only to the merits delays the certification and may ultimately be unnecessary." *Id.*; *see, e.g*., Embry v. Acer Am. Corp., No. C09-01808 JW (HRL), 2010 U.S. Dist. LEXIS

6866, at *4 (N.D. Cal. Jan. 28, 2010) (discovery requests seeking information relevant only to the merits "should be deferred until the merits phase of the case").

Even in cases where there is overlap between class and merits issues, there exists good cause to bifurcate. Courts commonly bifurcate discovery in class actions even in the absence of a bright-line distinction between class and merits discovery. *See*, *e.g.*, *Embry*, 2010 U.S. Dist. LEXIS 6866 at *4 ("The distinction between class and merits discovery in this case is not as clear-cut as [defendant] suggests . . . but that does not mean that there is no distinction at all"). In such cases, the Court's "[a]ctive judicial supervision" may be invoked to guide the parties in "conduct[ing] controlled discovery into the 'merits'" that is "limited to those aspects relevant to making the certification decision on an informed basis." Fed. R. Civ. P. 23(c)(1)(A) (adv. comm. notes); *In re Apple and AT&TM Antitrust Litigation*, 2010 U.S. Dist. LEXIS 39637 at *7 (denying motion to compel because "since the court bifurcated class certification and merits discovery, plaintiffs must" - and could not – "establish the relevance of the [evidence] sought to class certification"). Defendants' contend that in this case, any overlap would be minimal and the reasons for bifurcation are particularly compelling.

**Class discovery**. At the class discovery phase, discovery may be limited to factual issues necessary to "test[] whether the claims and defenses are susceptible to class-wide proof." *See* Manual, § 21.14 at 256.   Defendants' maintain that limitation should be implemented here for both fairness and efficiency. *See e.g.*, *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (holding that class certification was properly denied without discovery where plaintiffs could not make a prima facie showing of Rule 23's prerequisites or that discovery measures were "likely to produce persuasive information substantiating the class action allegations").   Plaintiff disputes the factual applicability of *Doninger*, which involved a sex discrimination class action and dissimilar discovery requests to the case at hand.  Accordingly, Plaintiff contends that discovery should not be limited

in this manner.

Defendants' position is that discovery should first be conducted regarding whether Plaintiff Molina is typical of the putative class members, and whether he is an adequate class representative. Those factual issues will revolve around the named plaintiff's role and supervisory authority over other employees as a manager. This discovery will include the deposition of Plaintiff and may include production of certain documents, as well as a deposition of a corporate representative of Cafe Rio to testify as to company policies and procedures.

Defendants' position is that only if Jesus Molina is found to be a typical and adequate class representative should class discovery proceed on a wider basis. Plaintiff's dispute this narrow understanding of discoverable evidence for determining class certification. In determining whether Mr. Molina's claims are sufficiently typical and common to support class certification, Plaintiff maintains that it is necessary to evaluate among other things, the time records and payroll records for putative class members for the class. Plaintiff maintains that only then can a court determine whether their exist sufficiently similar legal and factual issues to support class certification.

**Merits discovery**. After the conclusion of class discovery and issuance of the Court's order on class certification, further discovery, if appropriate, may be directed toward the merits question of whether defendants are liable for the claims alleged by plaintiff and the extent of damages

Defendants anticipate propounding interrogatories, requests for admissions, requests for production, and taking the deposition of Plaintiff during the class phase of discovery.

The Parties do not anticipate a need for a discovery cut-off during the class phase of discovery. The parties suggest having a scheduling conference subsequent to the hearing on the motion for class certification, motion to strike class allegations, or any similar motion to schedule merits discovery and dispositive

motion cutoffs.

The parties do not anticipate any discovery issues related to electronically stored information.  However, Plaintiff requests that Defendants produce electronically stored information in its native format with metadata intact and issues may arise as to the scope of Plaintiff's requests.

**8. Related Cases**

Plaintiff previously filed a workers' compensation claim related to his employment with Cafe Rio.

**9. Relief Sought**

Plaintiff's requested relief is set forth in Plaintiff's Complaint.  Plaintiff contends it is unable to determine the amount of class wide damages with specificity until discovery has been completed.

Defendants note that Plaintiff was provided with Plaintiff's time records prior to the commencement of this action and thus has had the necessary information in his possession to calculate any of his alleged damages, if any.  Defendants expect that Plaintiff will produce such information in his initial disclosures as required by Rule 26(a).  Defendants contend that class wide damages will not be at issue in this matter following limited class discovery for the reasons discussed above, *inter alia*. Furthermore, Defendants seek a dismissal with prejudice of all claims and whatever additional allowed by law.

**10.Certification as to Interested Parties or Persons**

Pursuant to Local Rule 7.1-1 the Plaintiff will submit a Certification as to Interested Parties prior to the Scheduling Conference.

On October 25, 2102 and pursuant to Federal Rule 7.1 and Local Rule 7.1-1, Defendants certified that the following listed parties have a direct, pecuniary interest in the outcome of this case.  Those representations were made to enable the Court to evaluate possible disqualification or recusal:

1.      Jesus I. Molina, an individual, Plaintiff

2.      Cafe Rio, Inc. a Utah Corporation, Defendant

3.      Claudio Salomone, an individual, Defendant

**11. Discovery Cutoff, Motion Cutoff, Pretrial Conference, and Trial Date**

The Parties agree that a discovery cut off should not be determined until after the proposed scheduling conference which would occur after the motion for class certification, motion to strike class allegations, or any similar motion.  The Parties feel that determining a trial date and pretrial conference is premature at this time.

**12. Jury Trial and Time Estimates**

The Parties agree to a Jury Trial.  The Parties feel that estimating the length of trial at this time is premature until the Court rules on the motion for class certification, motion to strike class allegations, or any similar motion.

**13. Settlement Plan**

The Parties are not opposed to settlement and would be amendable to a private mediation; however, Plaintiff feels mediation is premature at this stage as discovery has not yet commenced.  The Plaintiff will need the discovery requested above to fully evaluate the value of the claims.  Defendants position is that this case is amenable to an early mediation and that much of the discovery requested by Plaintiff is not necessary for a mediation to go forward.

**14. Complex Status**

The Parties agree this case is sufficiently complex to benefit from reference to the procedures set forth in in the Manual on Complex Litigation.

**15. Dispositive Motions**

Defendants anticipate filing a motion to strike class allegations disqualifying Molina as class representative and motion(s) for summary judgment/adjudication.

**16. Unusual Legal Issues**

The Parties are not aware of any particularly unusual legal issues at this time.

**17. Proposals Regarding Severance and Bifurcation**

With the exception of bifurcation as it relates to discovery, the Parties do not

propose any other bifurcation at this time.

## II.

## LOCAL RULE 26-1 REQUIREMENTS

**18.Complex Cases**

The Parties agree that this case is sufficiently complex to benefit from reference to the procedures set forth in in the Manual on Complex Litigation.

**19.Motion Schedule**

Plaintiffs propose that the class certification motion be filed by August 9, 2013, that Defendants file their opposition by October 9, 2012, that Plaintiff's reply be due by November 20, 2013, and that the hearing occur on Monday, December 16, 2013 at 1:30 p.m..

Defendants do not agree to this schedule and firmly believe that all motions, including the class certification motion, shall be filed in accordance with and subject to the applicable Federal Rules of Civil Procedure, Local Rules, and Judge's Rules.

The Parties agree that a Motion Schedule as to trial related issued would best be addressed at the proposed scheduling conference to occur after the motion for class certification, motion to strike class allegations, or any similar motion (as discussed in No. 7 above).

**20.ADR**

The Parties are not opposed to settlement and would be amendable to a private mediation; however, Plaintiff feels mediation is premature at this stage as discovery has not yet commenced.  Defendants' position is that this case is amenable to an early mediation and that much of the discovery requested by Plaintiff is not necessary for a mediation to go forward.

JOINT RULE 26(f) REPORT
Case No. 5:12-CV-01858-JFW-SP

**21. Expert Witnesses**

Plaintiff expects to present expert opinions in support of Plaintiff's anticipated Motion for Class Certification.  Defendants may respond in kind.


DATED: November 20, 2012              Respectfully submitted,

                                      LAW OFFICES OF MATTHEW J. MATERN

                                 By:  /s/ Matthew J. Matern
                                      MATTHEW J. MATERN
                                      TAGORE O. SUBRAMANIAM
                                      Attorneys for Plaintiff
                                      JESUS I. MOLINA


                                      TRESSLER LLP


                                 By:  /s/ Evan Sorensen
                                      EVAN B. SORENSEN
                                      KENNETH J. ZIELINSKI
                                      Attorneys for Defendants CAFÉ RIO, INC.
                                      and CLAUDIO SALOMONE.